

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

Affirmed by *C - 401*

June 13, 1960

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Building
Austin, Texas

Opinion No. WW-845

Re: Questions concerning the permit provisions of the Special Fuels Tax Law, Art. 10.11(1) Chapter 10, H. B. 11, 3rd C. S. 56th Leg., as it pertains to "User Permits"

Dear Mr. Calvert:

You have requested an opinion on two questions concerning the Special Fuels Tax Law (Art. 10.11(1) Chapter 10, H. B. 11, 3rd C. S. 56th Leg.). Your first question is whether a "user" who maintains a fuel storage in Texas and purchases special fuels in bulk quantities predominantly for delivery into the fuel supply tanks of his motor vehicles, and who also operates a number of the motor vehicles in interstate commerce, necessitating the importation of special fuels in the fuel supply tanks of such vehicles, is required to obtain a non-bonded user permit as well as a bonded user import permit.

Answering this question requires a brief examination of the purpose and scope of the Special Fuels Tax Act. Article 10.03 of the Act imposes a tax upon the use of special fuels for the propulsion of motor vehicles upon the public highways of this State. Revisions of the Act enacted by the Third Called Session of the 56th Legislature were designed to remove the collection of the tax from the service station level to the wholesale supply level. Ninety per cent or more of the special fuels sold in Texas are used for non-highway purposes. Since the tax is laid only on fuels used for highway purposes, the collection system is aimed at reducing to a minimum the amount of tax refunding. This is accomplished through a system of permit controls. This system operates as follows: A wholesale supplier is required (1) to collect the tax on all deliveries to licensed non-bonded retail dealers and bulk users (such as truck and bus lines) whose purchasers are predominantly for delivery into the fuel supply tanks of motor vehicles; (2) to sell tax free to licensed and bonded retail dealers and bulk users whose purchases are predominantly for non-highway use, and who are required to pay taxes directly to the State only on the fuel

sold and/or delivered into fuel supply tanks of motor vehicles; and (3) to sell tax free to exclusive non-highway consumers who furnish a signed statement that none of the special fuels so purchased will be delivered into fuel tanks of motor vehicles.

"User", as contemplated by the Act, means every person who delivers any special fuels into the supply tanks of motor vehicles owned or operated by him, and any person who imports special fuels into this State in the fuel supply tanks of motor vehicles owned or operated by him. Article 10.11(1) provides, in so far as pertinent:

> "Upon approval of an application and approval of bond if a bond is required, the Comptroller shall issue to the applicant a permit authorizing him to engage in the kind of business or other operations or to perform the functions set out in and authorized by the class of permit so issued . . . Such permit shall be of the kind and classifications as set out herein below:

> " . . . .

> "NON-BONDED USER PERMITS.

> "Authorizing persons whose purchases of special fuels are predominantly for delivery by them into the fuel supply tanks of motor vehicles owned or operated by them to act as users.

> "BONDED USER PERMITS.

> "Authorizing persons whose purchases of special fuels are not predominantly for delivery by them into the fuel supply tanks of motor vehicles owned or operated by them to act as users.

> "BONDED USER IMPORT PERMITS.

> "Authorizing persons who import special fuels into this State in the fuel tanks of motor vehicles owned or operated by them to act as users."

A wholesale supplier may sell only to those holding permits as bonded or non-bonded users or dealers. He is required by Article 10.03(3) to collect the tax on each gallon of special fuels delivered to non-bonded users. No provision of the law requires or authorizes the supplier to collect the

tax from any bonded user, or any person operating only in the capacity of a bonded user.

A bonded user import permit authorizes the holder to import special fuels in the fuel supply tanks of his motor vehicles. Article 10.03(5) requires him to report and pay the tax to the State on each gallon so imported and consumed in the operation of the vehicles upon the Texas highways. However, Article 10.13(5) appears to limit the reporting required to be made by the user-importer to special fuels used in interstate vehicles only, and not that used in vehicles operated entirely in intrastate commerce.

Article 10.11(1) authorizes a supplier to operate as a dealer or user without securing a separate permit, and authorizes a licensed dealer to operate as a user without obtaining a separate permit. No comparable provision authorizes a bonded user-importer to act as a non-bonded user without obtaining a separate permit.

For the foregoing reasons, it is clear that if a user is maintaining storage tanks in Texas and purchasing special fuels from suppliers in bulk quantities predominantly for delivery into fuel supply tanks of his motor vehicles (thereby qualifying him as a non-bonded user), and is also operating a number of motor vehicles in interstate commerce (which requires him to secure a bonded user-import permit), such user is required to obtain both a non-bonded user permit and a bonded user import permit.

Your next question concerns the provisions of Article 10.08, which provides as follows:

"OPTIONAL COMPUTATION OF TAX.

"In the event the tax herein imposed on special fuels imported into this State in the fuel supply tanks of motor vehicles and the tax on special fuels used in motor vehicles owned or operated by licensed supplier or other persons acting as users can be more accurately determined on a mileage basis (that is by determining and using the total number of miles traveled and the total gallons of fuel consumed), or in case it is more practicable to so determine the tax, the Comptroller is hereby authorized to approve and adopt such basis."

In reference to the foregoing provision, you advise:

"The Comptroller has construed the above Article 10.08 to be, and clearly intended by the Legislature to be, an exception to Article 10.03-(5) providing that the tax shall be paid to the State on each gallon delivered by a user into the fuel supply tanks of motor vehicles, and to Article 10.14-(3) penalizing the filing of a claim for tax refund on any special fuels delivered into fuel supply tanks of motor vehicles. And that upon adoption by the Comptroller of the mileage basis authorized in Article 10.08 for determining the amount of tax due Texas on special fuels delivered into motor vehicles in Texas and thereafter used partly on the Texas highways and partly in other States, the said Article 10.08 will supersede and control over the other Articles cited herein."

Article 10.08 authorizes the Comptroller to measure the tax due from a given user on a mileage basis if that system is more practicable and will more accurately determine the amount of tax due. In case the Comptroller elects to use this procedure, the provisions of Article 10.03(5) that the tax is to be paid on each gallon delivered by a user into the fuel supply tanks of motor vehicles is superseded.

In cases where a user has paid taxes upon special fuels delivered into fuel supply tanks which travel in interstate commerce, an anomalous situation arises. Article 10.14 authorizes a refund of taxes paid on special fuels consumed in non-highway use. However, Section (3) of Article 10.14 specifically provides that any dealer or user who files a claim for refund of the tax paid on any special fuel delivered into the fuel supply tank of a motor vehicle shall forfeit the right to the entire amount of the refund claim filed. The Act imposes a tax only upon special fuels used on Texas highways, therefore it is apparent that gas used on highways of other states is used for a "non-highway" purpose within the meaning of the refund provision. Consequently, to give effect to the plain intent of the Legislature that a user is entitled to a refund on all special fuels used for non-highway purposes requires that Section (3) of Article 10.14 be disregarded to the extent that it indicates that no refund may be had for taxes paid on special fuels subsequently used in motor vehicles on highways of other states. A user is entitled to a refund of taxes paid on special fuels used in motor vehicles out of state and may make application

therefore in the form prescribed by Article 10.14. However, this does not mean that Article 10.08, when invoked by the Comptroller, supersedes any of the provisions of Article 10.14, for the right to refund exists regardless of whether the amount of tax due is figured on a mileage basis, or, in some manner, by the amount of gallons actually used on Texas highways. (In this regard, it should be noted that the mileage formula for computing the tax may be used only where it will most accurately and practically reflect the actual amount of gallons used for highway purposes. Where a certain number of gallons are delivered to a user, all of which are used on Texas highways, the tax must be collected on each such gallon; in such a case, the Comptroller has no discretion to employ the mileage formula.)

## SUMMARY

A special fuels "user" who is maintaining storage tanks in Texas and purchasing special fuels from suppliers in bulk quantities predominantly for delivery into fuel supply tanks of his motor vehicles, and is also operating a number of the motor vehicles in interstate commerce, necessitating importation of special fuels in the fuel supply tanks of such vehicles, is required to obtain both a non-bonded user permit and bonded user import permit.

Article 10.08 of the Special Fuels Tax Act, when invoked by the Comptroller, supersedes the provision of Article 10.03 (5) that the user pay the tax on each gallon of special fuels delivered into the fuel supply tanks of his motor vehicle. Article 10.14(3) does not prevent a user from securing a refund of taxes paid on special fuels delivered into the fuel supply tanks of motor vehicles and used on the highways of other states.

Very truly yours,

WILL WILSON
Attorney General of Texas

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

J. Arthur Sandlin
Riley Eugene Fletcher
Phocions Park, II
Marvin H. Brown, Jr.

By _____
Jack N. Price
Assistant
JNP:jp

REVIEWED FOR THE ATTORNEY GENERAL
By: Leonard Passmore